IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF TEXAS

BEAUMONT DIVISION

| | |
|---|---|
| HOWARD LEE GRANT | § |
| VS. | §   CIVIL ACTION NO. 1:05cv167 |
| DOUG DRETKE | § |

MEMORANDUM ORDER OVERRULING PETITIONER'S OBJECTIONS AND ADOPTING
THE MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Petitioner Howard Lee Grant, an inmate at the Connally Unit, proceeding *pro se*, brought this petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254.

The court heretofore referred this matter to the Honorable Keith F. Giblin, United States Magistrate Judge, at Beaumont, Texas, for consideration pursuant to applicable laws and orders of this court. The Magistrate Judge recommends the petition be dismissed as barred by the applicable statute of limitations.

The court has received and considered the Report and Recommendation of United States Magistrate Judge filed pursuant to such order, along with the record, pleadings and all available evidence. Petitioner filed objections to the Magistrate Judge's Report and Recommendation. This requires a *de novo* review of the objections in relation to the pleadings and the applicable law. *See* FED. R. CIV. P. 72(b).

After careful consideration, the court concludes Petitioner's objections are without merit. The factual basis of petitioner's

ground for review is a second affidavit received from Tom Dwayne Simpson, a.k.a. "Piggy," a witness to the offense of conviction. The affidavit is dated December 30, 1999.  Thus, the affidavit could have been discovered through the exercise of due diligence more than one year prior to the filing of this petition on March 2, 2005.  Moreover, as the magistrate judge stated, the factual predicate of petitioner's claims, that counsel was ineffective for failing to investigate, were known to petitioner, or could have been discovered through the exercise of due diligence, at the time of petitioner's trial, appeal, or first petition.  Accordingly, petitioner's petition is barred by the applicable one-year statute of limitations.

Even assuming, *arguendo*, petitioner is afforded the benefit of the dates asserted in his objections, petitioner's petition remains untimely.  Petitioner asserts he received the second affidavit of Mr. Simpson sometime in 2003.[1]  Petitioner states he filed his state application for writ of habeas corpus on February 9, 2004, raising claims based on the second affidavit.  Petitioner asserts the petition was denied by the Texas Court of Criminal Appeals on March 24, 2004.  Thus, the limitations period was tolled for a period of 45 days.  Even assuming petitioner did not receive the affidavit until December 31, 2003, petitioner's limitations period would have expired December 31, 2004, absent any tolling. Tolling the limitations period for a period of 45 days based on

---

[1] In his petition at page eight, petitioner merely asserts that he received the affidavit after December 30, 1999.

petitioner's state application for writ of habeas corpus, petitioner's limitations period expired February 14, 2005. However, petitioner did not file this petition until March 2, 2005. Accordingly, the petition is untimely.

## O R D E R

Accordingly, Petitioner's objections are **OVERRULED**. The findings of fact and conclusions of law of the Magistrate Judge are correct and the report of the Magistrate Judge is **ADOPTED**. A final judgment will be entered in this case in accordance with the Magistrate Judge's recommendations.

**SIGNED** this the **13** day of **December, 2005.**

_____
Thad Heartfield
United States District Judge